IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ALDEN PAULINE,                    )    CIVIL NO. 10-00376 SOM-LK
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
STATE OF HAWAII DEPARTMENT OF     )
PUBLIC SAFETY, ET AL.,            )
                                  )
          Defendants.             )
_____   )


**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

          Before the Court is Plaintiff Alden Pauline's

("Plaintiff") Motion to Amend the Complaint ("Motion"), filed on

January 7, 2011.  Defendants State of Hawaii Department of Public

Safety ("DPS"), Teuila Koria,[1] Adult Correctional Officer

("ACO"), John Hall, ACO, and Hanford Hoomana, ACO, in their

official capacities (collectively "State Defendants") filed their

memorandum in opposition on January 26, 2011.  Defendant Koria,

in her individual capacity, also filed a memorandum in opposition

on January 26, 2011.  This matter came on for hearing on

February 16, 2011.  Andre Wooten, Esq., appeared on behalf of

Plaintiff.  Miriam Loui, Esq., appeared on behalf of the State

Defendants, and John Molay, Esq., appeared on behalf of Defendant

Koria, in her individual capacity.  Also appearing were

_____

          [1] Plaintiff erroneously named Defendant Teuila Koria as
Defendant Twyla Correa.

Ryan Endo, Esq., Michael Vincent, Esq., and Elton Au, Esq., on behalf of Defendant Hall, in his individual capacity. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

Plaintiff filed the instant civil rights action on July 2, 2010 against DPS and Defendants Koria, Hall, and Hoomana, as well as ACO Francis Hun[2] (all collectively "Defendants"). Plaintiff sued the individual defendants in their official and personal capacities.

The action arises from an alleged premeditated assault on Plaintiff while he was housed in the medical unit of the Halawa Correctional Facility ("Halawa") on or about May 5, 2010. At the time, Plaintiff was serving a ten-year prison sentence due to expire on July 8, 2010. [Complaint at ¶ 1.]

The Complaint alleges that Defendant Koria repeatedly harassed Plaintiff verbally and physically and that she conspired to have Plaintiff assaulted on or about May 5, 2010. Defendant Hun allegedly led the assault on Plaintiff, and Defendant Hall allegedly participated in the assault. Defendant Hoomana was,

---

[2] Defendant Hun has not appeared in this action. There is no indication in the record that Plaintiff completed service on Defendant Hun.

and is, the Chief of Security at Halawa, and he allegedly authorized Defendant Hun to attack Plaintiff. [Id. at ¶¶ 2-5.]

Plaintiff alleges that, after the assault, Defendants intentionally "left him in agony for many hours[.]" [Id. at ¶ 14.] The denial of necessary hospital treatment allegedly caused Plaintiff permanent scarring. [Id. at ¶ 16.] Plaintiff asserts that the attack was unwarranted and unconstitutional because Plaintiff was alone in the medical ward, and any actions that he took could not have threatened another person's safety. [Id. at ¶ 19.] Plaintiff alleges that the assault was in retaliation for Plaintiff's objections to the repeated abuse and threats that Defendant Koria subjected him to. On three occasions prior to the assault, Plaintiff, through his attorney, wrote to DPS Director Clayton Frank asking for a transfer because of the threats against him. For example, Defendant Koria allegedly told Plaintiff that he was going to die in Halawa. [Id. at ¶¶ 26-28.] Plaintiff argues that DPS contributed to the violation of his civil rights because it failed to properly supervise its employees. [Id. at ¶ 29.]

The Complaint alleges the following claims: a 42 U.S.C. § 1983 claim against DPS for the violation of the Eighth Amendment ("Count I"); a § 1983 claim against the individual defendants for the violation of the Eighth Amendment ("Count II"); assault and battery against the individual defendants

("Count III"); intentional infliction of emotional distress
against the individual defendants ("Count IV"); respondeat
superior liability for the state law claims against DPS ("Count
V"); a § 1983 claim against the individual defendants for the
violation of the Fourteenth Amendment ("Count VI"); and a § 1983
claim for the violation of the Fourteenth Amendment against DPS
based on pattern and practice ("Count VII").  Plaintiff also
alleges that he is entitled to punitive damages, and he requests
injunctive relief placing him in protective federal custody until
the completion of his sentence on or about July 8, 2010.  In the
prayer for relief, Plaintiff seeks: declaratory relief that
Defendants violated Plaintiff's rights; a preliminary and
permanent injunction requiring Defendants to desist from such
acts; compensatory, special, statutory, liquidated, exemplary,
and punitive damages and other monetary relief in the amount of
$10 million; pre-judgment interest; attorneys' fees and costs;
and any other appropriate relief.

Defendant Koria, in her individual capacity, filed an
answer on August 17, 2010.  [Dkt. no. 16.]  Defendant Hoomana, in
his individual capacity, filed his answer on August 18, 2010, and
Defendant Hall, in his individual capacity, filed his answer on
August 19, 2010.  [Dkt. nos. 20, 17.]

On August 19, 2010, the State Defendants filed their
Motion to Dismiss Complaint Filed on July 2, 2010 ("Motion to

Dismiss"). [Dkt. no. 18.] The State Defendants argued that they are immune from suits for damages or injunctive relief pursuant to the Eleventh Amendment. Also on August 19, 2010, Defendant Koria, in her individual capacity, filed a joinder in the Motion to Dismiss. [Dkt. no. 21.] At the November 8, 2010 hearing on the Motion to Dismiss, Chief United States District Judge Susan Oki Mollway ruled that Plaintiff's withdrawal of all claims against DPS and the individual defendants sued in their official capacity rendered the Motion to Dismiss moot. Chief Judge Mollway noted that only Plaintiff's claims against the individual defendants in their individual capacities remained and that Plaintiff intended to move for leave to amend the complaint. [Minutes, filed 11/8/10 (dkt. no. 38).]

## I. Motion

In the instant Motion, Plaintiff states that the purposes of the proposed First Amended Complaint are to add a claim under the Americans With Disabilities Act ("ADA") and to add a new defendant, ACO John Doe Warner,[3] based on an assault that occurred in November 2010 while Plaintiff was being held at the Oahu Community Correctional Center ("OCCC") for a charge of unlawful use of a propelled vehicle. Plaintiff alleges that the November 2010 assault was in retaliation for the filing of the

---

[3] Plaintiff does not know ACO Warner's first name. [Proposed First Amended Complaint at ¶ 6.]

5

instant action.  In addition, Plaintiff states that he eliminated the § 1983 counts solely against DPS and elaborated upon the other § 1983 counts.  The Court also notes that Plaintiff corrected Defendant Koria's name in the proposed First Amended Complaint and that Plaintiff renewed his request for injunctive relief because he was recently transferred from OCCC to Halawa.

In the Declaration of Counsel, Plaintiff's counsel argues that there is support for the ADA claim because, at the time of the May 2010 assault, Plaintiff was housed in the Halawa medical ward because he had been diagnosed with a mental disability.  [Motion, Decl. of Counsel at ¶ 2.]

The proposed Count I alleges a violation of the ADA and a pattern and practice violation of the Fourteenth Amendment right to liberty, in violation of § 1983.  This appears to be a hybrid of the original Count I and Count VII § 1983 claims, with the addition of the ADA claim.  [Id., Exh. A ("Proposed First Amended Complaint") at ¶¶ 32-40.]  The other counts remain the same, except that Plaintiff expanded each one to include the November 2010 assault, and he included further factual allegations about the May 2010 assault.  In addition, Plaintiff now names the individual defendants in their individual capacities only.

## II.  State Defendants' Memorandum in Opposition

In the State Defendants' memorandum in opposition to

the Motion, they object to proposed Counts I and V against DPS.
They acknowledge that courts generally must freely grant leave to
amend, but they urge the Court to deny the Motion because the
proposed claims are futile.  The State Defendants do not address
the proposed claims based on the November 2010 assault.

        The State Defendants argue that the proposed claims
against DPS are futile because of its Eleventh Amendment
sovereign immunity, which the State of Hawai`i has not
unequivocally waived and which Congress has not overridden.
Further, neither a state nor a state official acting in his
official capacity is a "person" subject to suit under § 1983.

        The State Defendants also argue that, based on the
exchange between Chief Judge Mollway and Plaintiff's counsel
during the hearing on the Motion to Dismiss, Plaintiff should not
have included any claims against the State of Hawai`i or its
employees.  [Mem. in Opp., Decl. of Miriam P. Loui, Exh. A
(trans. of hrg. on Motion to Dismiss).]

        The Court notes that, at the hearing, Plaintiff's
counsel did state that he intended to amend the Complaint to add
an ADA claim because he believes there is an exception to
Eleventh Amendment immunity for ADA claims.  Chief Judge Mollway
instructed Plaintiff's counsel to file a motion to amend.  Chief
Judge Mollway also noted that a claim for injunctive relief is an
exception to Eleventh Amendment immunity but, insofar as

Plaintiff was no longer incarcerated, there was nothing that she could enjoin. [Id. at 6-8.] Plaintiff's counsel and counsel for the State Defendants clarified that: Plaintiff was incarcerated at the time he filed the Complaint; Plaintiff completed his term during the pendency of the case; Plaintiff was arrested for a vehicular offense on October 25, 2010 and was temporarily held at OCCC; but, at the time of the hearing on the Motion to Dismiss, he was not in custody. [Id. at 10.] Chief Judge Mollway acknowledged that the situation regarding Plaintiff's request for injunctive relief could change and that Plaintiff could amend the Complaint if warranted under the circumstances. Plaintiff's counsel said that they were concerned about retaliation because of the history of the case, and he mentioned that they might try to re-introduce the claim for injunctive relief in the amended complaint. [Id. at 11-13.]

## III. **Defendant Koria's Memorandum in Opposition**

In her memorandum in opposition, Defendant Koria, in her individual capacity, argues that Plaintiff's proposed ADA claim is futile because he has failed to state a claim against DPS. Plaintiff did not plead that he was denied access to any programs or facilities because of his alleged disability, and merely being assaulted by prison guards does not trigger an ADA claim. Defendant Koria also argues that all of Plaintiff's proposed claims for damages against DPS are futile because of

DPS's sovereign immunity.  In addition, the respondeat superior claim is futile because government officials cannot be held liable for § 1983 violations based on vicarious liability alone; there must be an affirmative link between the constitutional deprivation and the individual's participation, exercise of control or direction, or failure to supervise.  Plaintiff has not identified any personal participation by a supervisor.  Defendant Koria also notes that Plaintiff has not identified any high-level officials who were responsible for establishing the alleged custom, pattern, and practice of using excessive force in state prisons.

Defendant Koria also argues that Plaintiff's claim for injunctive relief is futile.  The mere fact that Plaintiff was allegedly assaulted by ACOs in two separate incidents at two separate times does not establish an existing controversy warranting injunctive relief.  Plaintiff has not pled a real and immediate threat that he will be assaulted again by Defendants.

Finally, Defendant Koria argues that the Court should consider the proposed claims based on the November 2010 assault as a supplemental pleading rather than an amended pleading. Those claims implicate a different ACO in a different facility, and that incident occurred six months after the May 2010 assault. Under Federal Rules of Civil Procedure, Rule 15(d), this Court may deny leave to amend because the proposed claims bear little

or no relationship to the original pleading.  Defendant Koria
asserts that Plaintiff should file a separate action alleging
claims based on the November 2010 assault because the statute of
limitations on that incident has not run yet.

## DISCUSSION

## I.  Standards

Under Rule 15(a), once a responsive pleading has been
filed, a party must obtain leave of court or the written consent
of the opposing party to amend its pleadings.  "The court should
freely give leave when justice so requires."  Fed. R. Civ. P.
15(a)(2).  The determination whether a party should be allowed to
amend a pleading is left to the discretion of the court.  See
Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330
(1971) (citation omitted).  If the facts or circumstances a
plaintiff relies upon may be the basis of relief, she should be
afforded an opportunity to test her claim on the merits.  See
Foman v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, in
exercising its discretion to grant leave to amend, a court
"'should be guided by the underlying purpose of Rule 15(a) . . .
which was to facilitate decisions on the merits, rather than on
technicalities or pleadings.'"  In re Morris, 363 F.3d 891, 894
(9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126
(9th Cir. 2001)) (alteration in original).

"Futility of amendment can, by itself, justify the

denial of a motion for leave to amend." <u>Bonin v. Calderon</u>, 59
F.3d 815, 845 (9th Cir. 1995). An amendment is futile when "no
set of facts can be proved under the amendment to the pleadings
that would constitute a valid and sufficient claim or defense."
<u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988)
(citations omitted). A proposed amended complaint that would not
survive a motion to dismiss is futile. <u>See, e.g.</u>, <u>In re Park W.
Galleries, Inc.</u>, MDL No. 09-2076RSL, 2010 WL 3699916, at *2 (W.D.
Wash. Sept. 15, 2010) (citing <u>Nunes v. Ashcroft</u>, 375 F.3d 805,
808 (9th Cir. 2004)).

As to the amendments related to the November 2010
assault, Defendant Koria argues that the Court should apply the
standard for supplementing a complaint instead of the standard
for amending a complaint. Rule 15(d) states:

> On motion and reasonable notice, the court may, on
> just terms, permit a party to serve a supplemental
> pleading setting out any transaction, occurrence,
> or event that happened after the date of the
> pleading to be supplemented. The court may permit
> supplementation even though the original pleading
> is defective in stating a claim or defense. The
> court may order that the opposing party plead to
> the supplemental pleading within a specified time.

The goal of Rule 15(d) is to promote judicial efficiency.
<u>Planned Parenthood of S. Ariz. v. Neely</u>, 130 F.3d 400, 402 (9th
Cir. 1997). "To determine if efficiency might be achieved,
courts assess 'whether the entire controversy between the parties
could be settled in one action . . . .'" <u>Id.</u> (quoting 6A Charles

11

Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 1506 (1990)). Courts also look at whether there would be "'technical obstacles'" to a new, separate action alleging the claims proposed as supplemental claims. <u>See</u> <u>id.</u> (quoting <u>United States v. Reiten</u>, 313 F.2d 673, 675 (9th Cir. 1963) (stating that, "the general purpose of the Rules [regarding amended and supplemental complaints is] to minimize technical obstacles to a determination of the controversy on its merits")).

The Ninth Circuit has stated that:

> While leave to permit supplemental pleading is favored, it cannot be used to introduce a "separate, distinct and new cause of action," <u>Berssenbrugge v. Luce Mfg. Co.</u>, 30 F. Supp. 101, 102 (D. Mo. 1939); <u>see also</u>, 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 1509 (1990) (noting that leave to file a supplemental pleading will be denied where "the supplemental pleading could be the subject of a separate action").

<u>Id.</u> (some citations and quotation marks omitted).

## II.  <u>Claims Based on the November 2010 Assault</u>

Defendant Koria, in her individual capacity, urges the Court to deny Plaintiff's Motion as to the proposed claims based on the November 2010 assault pursuant to Rule 15(d). She argues that the proposed claims bear little or no relationship to the original action and that the Court should require Plaintiff to bring those claims in a separate action. Defendant Koria emphasizes that the November 2010 assault occurred six months after the incident giving rise to the original action, involved a

12

different ACO, and occurred in a different facility.

Plaintiff alleges that November 2010 assault occurred in retaliation for the filing of his original Complaint. [Proposed First Amended Complaint at ¶ 30.] Thus, the claims based on the November 2010 assault do not constitute a separate, distinct and new cause of action that require the filing of another action. Adding the claims based on the November 2010 assault to the original claims will promote judicial economy. The Court therefore finds that supplementation of the original Complaint is appropriate pursuant to Rule 15(d). Further, Plaintiff timely filed the instant Motion and, except for the futility arguments addressed below, the Court finds that leave to amend the Complaint to add the proposed claims based on the November 2010 assault is appropriate pursuant to Rule 15(a).

Plaintiff's Motion is GRANTED as to the proposed claims based on the November 2010 assault, except to the extent that the Court finds the claims futile. See infra.

## III. **Sovereign Immunity**

The State Defendants and Defendant Koria, in her individual capacity, argue that the proposed claims against DPS are futile because of its Eleventh Amendment immunity. State agencies are immune from private suits for damages or injunctive relief in federal court pursuant to the Eleventh Amendment. Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa

<u>Cnty.</u>, 343 F.3d 1036, 1040 (9th Cir. 2003) (citing <u>Pennhurst</u>

<u>State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100, 104 S. Ct.

900, 79 L. Ed. 2d 67 (1984)).  There are only three exceptions to

the states' sovereign immunity:

> First, a state may waive its Eleventh Amendment
> defense.  <u>College Sav. Bank [v. Florida Prepaid</u>
> <u>Postsecondary Educ. Expense Bd.]</u>, 527 U.S. [666,]
> 670, 119 S. Ct. 2219 [(1999)].  Second, Congress
> may abrogate the States' sovereign immunity by
> acting pursuant to a grant of constitutional
> authority.  <u>Kimel v. Florida Board of Regents</u>, 528
> U.S. 62, 80, 120 S. Ct. 631, 145 L. Ed. 2d 522
> (2000).  Third, under the <u>Ex parte Young</u>
> doctrine,[4] the Eleventh Amendment does not bar a
> "suit against a state **official** when that suit
> seeks . . . prospective injunctive relief."
> <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44,
> 73, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996).

<u>Douglas v. Cal. Dep't of Youth Auth.</u>, 271 F.3d 812, 817-18 (9th

Cir. 2001) (some citations omitted) (some alterations in

original) (emphasis added).

First, as to the ADA claim in Count I, Plaintiff argues

that there is no sovereign immunity from suits under the ADA.

[Proposed First Amended Complaint at ¶ 40).]  The Court will

address Plaintiff's ADA claim <u>infra</u>.

A.    **Section 1983 Claim Against DPS**

Although it is not entirely clear, it appears that

proposed Count I also alleges a § 1983 claim against DPS based on

the violation of Plaintiff's Eight Amendment right.  [<u>Id.</u> at ¶

---

4 <u>Ex parte Young</u>, 209 U.S. 123, 159-60 (1908).

32.]  Section 1983 states, in pertinent part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any
> State or Territory . . . subjects, or causes to be
> subjected, any citizen of the United States . . .
> to the deprivation of any rights, privileges or
> immunities secured by the Constitution and laws,
> shall be liable....

42 U.S.C. § 1983.  DPS has not waived its sovereign immunity in this case.  Moreover, a state is not a "person" for purposes of § 1983 and therefore neither a state court nor a federal court may entertain a § 1983 action against a state.  Howlett v. Rose, 496 U.S. 356, 376 (1990).  Courts in this district have ruled that DPS is not a "person" under § 1983 and that a § 1983 claim against DPS fails as a matter of law.  See, e.g., Augustin v. Dep't of Pub. Safety, Civil No. 09-00316 ACK-BMK, 2009 WL 2591370, at *3 (D. Hawai`i Aug. 24, 2009) (citing Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989)); McCabe v. McComber, Civil No. 08-00112 JMS-KSC, 2008 WL 4133186, at *3 (D. Hawai`i Sept. 8, 2008).

Plaintiff's proposed § 1983 claim against DPS is futile.  Further, Plaintiff cannot correct this defect.  Plaintiff's Motion is therefore DENIED WITH PREJUDICE as to the proposed § 1983 claim against DPS.

B.  **Respondeat Superior Claim Against DPS**

Proposed Count V alleges a respondeat superior claim against DPS.  Plaintiff argues that, under the doctrine of

15

respondeat superior, DPS is liable for its employees' actions that form the basis of Plaintiff's state tort claims. [Proposed First Amended Complaint at ¶¶ 52-53.]

> [I]n chapter 662 of the Hawaii Revised Statutes, Hawaii consents to being sued in tort actions. "However this provision also does not operate as a waiver . . . to suit in federal court." [Office of Hawaiian Affairs v. Dep't of Educ., 951 F. Supp. 1484, 1491 (D. Haw. 1996)]; see also Doe ex rel. Doe v. State of Haw. Dep't of Educ., 351 F. Supp. 2d 998, 1018 (D. Haw. 2004) ("Although the State of Hawaii generally waives . . . sovereign immunity as to torts of its employees in the Hawaii State Tort Liability Act, H.R.S. ch. 662, this waiver only applies to claims brought in state courts and does not constitute a waiver of the State's Eleventh Amendment immunity."); Pahk v. Hawaii, 109 F. Supp. 2d 1262, 1268 (D. Haw. 2000) ("Although the State of Hawaii consents to being sued in tort actions[,] . . . that consent applies only to cases brought in the state courts of Hawaii, not to cases brought in federal courts."); cf. Fordyce v. City of Seattle, 55 F.3d 436, 441 (9th Cir. 1995) ("Although [a state] may waive the protection of the Eleventh Amendment's jurisdictional bar by passing a statute consenting to be sued, a statute consenting to suit in state court does not constitute consent to suit in federal court.").

McNally v. Univ. of Haw., Civ. No. 09-00363 SOM/KSC, 2011 WL 322533, at *18 (D. Hawai`i Jan. 28, 2011) (alterations in original).  Insofar as the State of Hawai`i has not waived its sovereign immunity from tort actions in federal court, Plaintiff's proposed respondeat superior claim against DPS is futile.  Further, Plaintiff cannot correct this defect.  Plaintiff's Motion is DENIED WITH PREJUDICE as to the proposed respondeat superior claim against DPS.

## C. **Claim for Injunctive Relief**

Plaintiff's proposed First Amended Complaint also seeks injunctive relief against DPS and all of the individual defendants, who Plaintiff only names in their individual capacities.[5] As noted, _supra_, the Eleventh Amendment does not bar suits for prospective injunctive relief against state officials. DPS therefore is not the proper defendant in a suit for prospective injunctive relief, and Plaintiff's proposed claim is futile. Further, Plaintiff cannot correct this defect. Plaintiff's Motion is DENIED WITH PREJUDICE as to the proposed claim for injunctive relief against DPS.

Eleventh Amendment immunity does not bar Plaintiff's proposed claim for injunctive relief against the individual defendants in their individual capacities. See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269 (1997) (citing Ex parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)). Plaintiff's proposed claim, however, is futile because it does not allege sufficient facts to establish that the claim falls

---

[5] The Court notes that Plaintiff's original Complaint also includes a claim for injunctive relief, but it only sought placement in federal custody until the completion of Plaintiff's sentence, on or about July 8, 2010. [Complaint at ¶ 50.] The proposed First Amended Complaint alleges a new claim for injunctive relief because it seeks placement in federal custody for an unspecified amount of time during the pendency of Plaintiff's purported prosecution for unauthorized use of a propelled vehicle. [Proposed First Amended Complaint at ¶¶ 57-59.]

17

within the circumstances under which federal courts allow declaratory or injunctive relief actions against individual state officials to proceed in federal court. Those circumstances are:

> (1) state officials are plainly acting outside their statutory authority, see <u>Coeur d'Alene Tribe</u>, 521 U.S. at 270, 117 S. Ct. 2028; (2) no state forum exists to vindicate federal interests, see <u>id.</u> at 270-74, 117 S. Ct. 2028; (3) "it is necessary to permit the federal courts to vindicate federal rights," <u>id.</u> at 277, 117 S. Ct. 2028); and (4) "a plaintiff seeks prospective relief to end a state officer's ongoing violation of federal law." <u>Coeur d'Alene Tribe</u>, 521 U.S. at 288, 117 S. Ct. 2028 (O'Connor, J., concurring).

<u>Yakama Indian Nation v. Wash. Dep't of Revenue</u>, 176 F.3d 1241, 1246 (9th Cir. 1999) (some citations and internal quotation marks omitted).

In particular, the Court notes that the Proposed First Amended Complaint, filed January 7, 2011, argues that Plaintiff is incarcerated pending prosecution of an unauthorized use of a propelled vehicle charge and that injunctive relief is necessary because Plaintiff was recently transferred to Halawa. [Proposed First Amended Complaint at ¶¶ 57-58.] Plaintiff, however, was released from custody on January 13, 2011 on "Supervised Release". <u>See</u> Hawaii SAVIN - Offender Name: ALDEN A PAULINE, https://www.vinelink.com/vinelink/detailsAction.do?siteId=50000&agency=1&id=A0256259&searchType=offender (last visited Feb. 25, 2011). Insofar as Plaintiff is not currently in custody, there is no ongoing violation of his federal rights to enjoin.

18

If Plaintiff's circumstances change, it may be possible
for Plaintiff to propose a different amendment to the claim for
injunctive relief that would not be futile.  Plaintiff's Motion
is therefore DENIED WITHOUT PREJUDICE as to the proposed claim
for injunctive relief against the individual defendants in their
individual capacities.

**IV.  ADA Claim**

Plaintiff contends that there is no Eleventh Amendment
immunity from suits under the ADA pursuant to <u>Pierce v. County of
Orange</u>, 526 F.3d 1190 (9th Cir. 2008).  [Proposed First Amended
Complaint at ¶ 40.]  <u>Pierce</u> is inapplicable because it dealt with
county liability under the ADA, not state liability.  <u>See</u> 526
F.3d at 1214 ("It is undisputed that Title II applies to the
Orange County jails' services, programs, and activities for
detainees." (citations omitted)).  Plaintiff, however, has not
completely missed the mark with this argument.

"'Congress may abrogate the States' Eleventh Amendment
immunity when it both unequivocally intends to do so and act[s]
pursuant to a valid grant of constitutional authority,' namely
its § 5 Fourteenth Amendment powers." <u>Miranda B. v. Kitzhaber</u>,
328 F.3d 1181, 1184-85 (9th Cir. 2003) (quoting <u>Bd. of Trs. of
Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 363, 121 S. Ct. 955
(2001)) (alteration in original).  The United States Supreme
Court has held that Title II validly abrogated the states'

19

Eleventh Amendment immunity from "private cause[s] of action for damages against the States for conduct that actually violates the Fourteenth Amendment[.]" United States v. Georgia, 546 U.S. 151, 159 (2006); see also 42 U.S.C. § 12202. Some courts have concluded that United States v. Georgia implies the converse, *i.e.* - if the state's conduct did not violate the Fourteenth Amendment, the state is immune from a Title II action. See, e.g., C.S. ex rel. Scott v. Missouri, 670 F. Supp. 2d 972, 982 (E.D. Mo. 2009). Thus, if Plaintiff's proposed ADA claim alleges conduct that violates the ADA and the Fourteenth Amendment, Defendants arguably would not have Eleventh Amendment immunity.

Title II of the ADA provides that: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity,[6] or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In order to state a claim for disability discrimination under Title II, a plaintiff must allege:

> (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or

---

[6] A "public entity" includes "any department, agency, special purpose district, or other instrumentality of a State or States or local government[.]" 42 U.S.C. § 12131(1)(B).

>            activities, or was otherwise discriminated against
>            by the public entity; and (4) such exclusion,
>            denial of benefits, or discrimination was by
>            reason of the plaintiff's disability.

Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (citation

omitted).  The ADA defines a "disability" as:

>            (A) a physical or mental impairment that
>            substantially limits one or more major life
>            activities of such individual;
>
>            (B) a record of such an impairment; or
>
>            (C) being regarded as having such an impairment
>            (as described in paragraph (3)).

42 U.S.C. § 12102(1).

     The proposed ADA claim alleges that Defendants' conduct

violated both the ADA and the Fourteenth Amendment, [Proposed

Amended Complaint at 8,] and it alleges that, at the time of the

May 2010 assault, Plaintiff was being housed in the medical unit

as an accommodation for his mental disability under the ADA [id.

at ¶ 33].  The Proposed Amended Complaint, however, does not

allege what service, program, or activity Plaintiff was entitled

to participate in but was denied either access to or benefit from

on the basis of his disability.  In fact, Plaintiff alleges that

the May 2010 assault occurred because he complained about the

denial of his Eighth Amendment right.  [Id.]

     In addition, nothing in Count I indicates that the

November 2010 assault was related to Plaintiff's alleged mental

disability.  He does not allege that the November 2010 assault

occurred while he was being held in the OCCC medical unit as an accommodation for his disability, and he does not allege that the assault occurred because of his disability. In fact, Plaintiff alleges that the November 2010 assault occurred in retaliation for his filing of the instant action. [Id. at ¶ 30.]

The proposed ADA claim fails to state a claim and would not survive a motion to dismiss. The claim is therefore futile as to both the May 2010 assault and the November 2010 assault. See In re Park W. Galleries, Inc., MDL No. 09-2076RSL, 2010 WL 3699916, at *2 (W.D. Wash. Sept. 15, 2010) (citing Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004)). It may, however, be possible for Plaintiff to propose a different ADA claim that would not be futile. Plaintiff's Motion is therefore DENIED WITHOUT PREJUDICE as to the proposed ADA claim.

**V.   Other Claims**

The Court notes that the following claims based on the May 2010 assault against Defendants Koria, Hun, Hall, and Hoomana, in their individual capacities, are substantively identical to the claims in the original Complaint: Count II; Count III; Count IV; Count VI; and the claim for punitive damages. At the hearing on the Motion to Dismiss, Plaintiff's counsel only agreed to withdraw Plaintiff's claims against DPS and the individual defendants in their official capacity. Chief Judge Mollway expressly noted that the claims against the

22

individual defendants in their individual capacities remained. [Minutes, filed 11/8/10 (dkt. no. 38).] Insofar as Plaintiff has re-alleged those claims in the Proposed Amended Complaint, the Court need not analyze whether they are futile. To the extent that the Motion seeks to add additional factual allegations to support those claims, the Motion is GRANTED.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Amend the Complaint, filed January 7, 2011, is HEREBY GRANTED IN PART AND DENIED IN PART. Plaintiff's Motion is GRANTED as to: the correction of Defendant Koria's name; the addition of factual allegations to support the original claims against Defendants Koria, Hun, Hall, and Hoomana, in their individual capacities; and the addition of claims against ACO John Doe Warner based on the November 2010 assault. Plaintiff's Motion is DENIED in all other respects.

Specifically, Plaintiff's Motion is DENIED WITHOUT PREJUDICE as to the proposed ADA claim and the claim for injunctive relief against the individual defendants. Plaintiff's Motion is DENIED WITH PREJUDICE as to all claims for damages against DPS and the claim for injunctive relief against DPS.

Plaintiff shall file his amended complaint, in accordance with the terms of this order, by no later than **March 17, 2011**. The Court cautions Plaintiff that the failure to

file the amended complaint by **March 17, 2011** may result in the dismissal of this case for failure to prosecute.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 25, 2011.



     /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

<u>ALDEN PAULINE V. STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY, ET AL</u>; CIVIL NO. 10-00376 SOM-LK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND THE COMPLAINT