IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALDEN PAULINE, | ) | CIVIL NO. 10-00376 SOM/RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING FIRST |
| vs. | ) | AMENDED COMPLAINT WITH |
| | ) | PREJUDICE AS SANCTION FOR |
| STATE OF HAWAII DEPARTMENT OF | ) | PLAINTIFF'S FAILURE TO ATTEND |
| PUBLIC SAFETY, ET AL., | ) | DEPOSITION |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE AS
SANCTION FOR PLAINTIFF'S FAILURE TO ATTEND DEPOSITION

Plaintiff Alden Pauline failed to appear at three properly noticed depositions that were scheduled for September 8, 2010, October 1, 2010, and February 3, 2011. Pauline's attorney attended all three depositions, but Pauline himself failed to attend the depositions.

On February 9, 2011, Defendant John Hall moved to compel Pauline to appear at a deposition and to have the Complaint dismissed with prejudice if Pauline failed to appear at that deposition. See ECF No. 47.

On March 4, 2011, Pauline filed a First Amended Complaint. See ECF No. 62.

On March 21, 2011, the court granted Hall's motion, ordering Pauline to appear at a deposition scheduled for March 31, 2011, and further ordering that "**failure to appear at this**

**deposition will result in the dismissal of his case with prejudice**." See ECF No. 70.  The court reasoned:

> Plaintiff has, among other things, repeatedly failed to appear for his deposition and failed to keep Plaintiff's counsel apprised of his current contact information.  Plaintiff's conduct has prevented the defendants from obtaining the discovery that is necessary for them to prepare their defenses.  Plaintiff has not shown that his failures to appear at his properly noticed depositions were due to circumstances beyond his control.  The Court therefore finds that Plaintiff's conduct has been willful and in bad faith, warranting terminating sanctions.  See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).  The public's interest in expeditious resolution of litigation, the district court's interest in managing its dockets, and the prejudice to the defendants weigh in favor of dismissal.  Further, under the circumstances of this case, less drastic sanctions would not be effective to ensure Plaintiff's compliance with the applicable rules and deadlines in this case.  The only factor weighing against dismissal is the public policy favoring disposition of cases on their merits.  See id. (listing factors to consider in determining whether to impose terminating sanctions).  Having duly considered all of the relevant factors, the Court FINDS that Plaintiff's case should be DISMISSED WITH PREJUDICE if he fails to appear for his deposition.

ECF No. 70.

Pauline failed to attend the March 31, 2011, deposition.  On April 16, 2011, Hall moved to dismiss this case with prejudice based on Pauline's continued refusal to attend his scheduled depositions.  See ECF No. 75.  Defendants Hanford

2

Hoomana and Twyla Correa joined in that motion. See ECF Nos. 80 and 81.

On May 23, 2011, Pauline filed an untimely opposition to the motion to dismiss the First Amended Complaint as a sanction. That opposition does not challenge the court's earlier finding that Pauline's refusal to attend his deposition was in bad faith. Instead, Pauline merely says that he opposes the motion. Pauline notes that he is currently incarcerated and indicates that he can be deposed at the prison. See ECF No. 84. A May 4, 2011, letter from Pauline's attorney indicates that Pauline is incarcerated on "a new charge or two" and that "unless he can bail out, . . . he will be there awhile [stet]." See ECF 84-2. Pauline does not say that he was incarcerated on March 31, 2011, or provide any other valid reason for his failure to attend the scheduled deposition. Accordingly, for the reasons stated in the March 21, 2011, order, the court dismisses the First Amended

Complaint with prejudice as a sanction for Pauline's continued and blatant failure to attend his deposition and to comply with this court's order.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 23, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Pauline v. State of Hawaii Dep't of Public Safety, CIVIL NO. 10-00376 SOM/RPL; ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE AS SANCTION FOR PLAINTIFF'S FAILURE TO ATTEND DEPOSITION